IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARITY D. MORRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 19-1133-JWL |
| | ) |
| **KILOLO KIJAKAZI,**[1] | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 26) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b).   Plaintiff's motion is GRANTED, approving a fee in the amount of $16,956.50 pursuant to the Social Security Act.

**I.   Background**

Plaintiff filed a Complaint in this court on May 22, 2019, seeking judicial review of a decision of the Commissioner of the Social Security Administration.   (Doc 1).   On

---

[1] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.   In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

September 29, 2020 a court in this district reversed the Commissioner's decision and remanded in accordance with sentence 4 of U.S.C. § 405(g) for further proceedings. (Doc. 18).   On remand, the Commissioner issued a fully favorable decision on July 1, 2021 and a Notice of Award on October 24, 2021.   (Pl. Mot. 1, & Attach. 1).   Plaintiff now seeks award of attorney fees of $16,956.50 pursuant to § 206(b) of the Social Security Act.   42 U.S.C. § 406(b).

## II.     Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).   However, the court has an affirmative duty to allow only so much of the fee as is reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,   . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in <u>Gisbrect</u> determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts

may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a

3

406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors.  Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.").  The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision was 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The court notes how courts in this district have performed the analysis in recent years.  Russell v. Astrue, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an award of fees which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested—$611); Kotchavar v. Comm'r of Soc. Sec. Admin., Civil Action No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); Tacey v. Berryhill, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams v. Berryhill, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (affirming fee request resulting in an effective rate of $286.99 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v.

Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (affirming fee request resulting in an effective rate of $400.07 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Schoonover v. Colvin, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and reducing award to result in hourly rate of $400); Duff v. Colvin, Case No. 13-CV-02466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); Roland v. Colvin, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); Bryant v. Colvin, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $418.28); Smith v. Astrue, No. 04-2196-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district). This court recently approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of almost $263; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); and at an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82. Gardipee v. Saul, Case No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021).

**III.   Discussion**

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits, or $16,956.50. He included a copy of the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25 percent of past due benefits. (Pl. Mot., Attach. 2). Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 41.3 hours expended. Id., Attach. 4. Counsel points out that an award of 25 percent of past due benefits would result in an effective hourly rate of $410.57. Id. at 4. Counsel submitted resumes of the qualifications of all counsel participating in this case and argues that the skill, competence, expertise, and experience of his firm produced an extraordinary result in this case and support awarding the full 25% of past due benefits. Id. at 5, and Attach. C.

The Commissioner submitted a response to Plaintiff's Motion asserting that she "takes no position in this case but rather she defers to the Court's sound discretion as to the reasonableness of the award requested."

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings. Plaintiff has met her burden to prove that award of the full 25 percent of past due benefits is reasonable in the circumstances present here. The court notes that counsel achieved a good result for Plaintiff in this case. The court recognizes that the contingent nature of the fee justifies a fee award which is higher than the normal hourly rate charged by practitioners when the claimant prevails to encourage practitioner to take such cases and to provide for cases which are not successful.

Both the Commissioner and Plaintiff's counsel remind the court that if an attorney fee is received under both the Social Security Act, 42 U.S.C. § 406(b) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the lower fee must be refunded to the plaintiff. Plaintiff's counsel asks the court to credit his EAJA fee award refund of $7,606.88 to the past due benefits withheld by the Commissioner and informs the court that he intends to seek a fee for his services at the administrative level which will come from that remaining balance before the Commissioner returns the remainder, if any, to Plaintiff. Counsel cites Martinez v. Berryhill, 699 Fed. Appx 775, 776-77 (10th Cir. 2017) for the proposition that "offset/credit leaving an amount corresponding to the EAJA fees in the hands of the Commissioner is permissible." (Pl. Mot. 6).

The court will do as counsel requests. The court recognizes that this procedure will allow counsel to receive attorney fees of 25 percent of past due benefits pursuant to 42 U.S.C. § 406(b) and an additional fee for service at the administrative level pursuant to 42 U.S.C. § 406(a) without having to seek the additional fee directly from Plaintiff. As counsel points out, the Supreme Court held in Culbertson v. Berryhill, ___ U.S. ___, 139 S.Ct. 517, 523-24 (2019) that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." In fact, the Court in Culbertson noted that although the Commissioner only withholds one pool of 25% of past due benefits to pay for attorney fees, that pool "does not delimit the amount of fees that can be approved for representation before the agency or the court." Id. 139 S.Ct. at 523. The Court concluded, "Any concerns about a shortage of withheld

benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment." Id. (emphasis added). It appears counsel here has exercised judgment to preclude such a potential shortage and the court does not fault him. Moreover, the prohibition against counsel retaining fees pursuant to both the EAJA and the Social Security Act applies only "where the claimant's attorney receives fees for the same work under both section 206(b) [42 U.S.C. §406(b)] of that Act and section 2412(d) of title 28, United States Code." PL 99–80 (HR 2378), PL 99–80, August 5, 1985, 99 Stat 183 (emphases added). Therefore, since the EAJA fee award to counsel is credited back to Plaintiff's benefit in a case following counsel's requested procedure, the award of a representative's fee under 42 U.S.C. § 406(a) from the amount refunded to Plaintiff is not the receipt of fees for the same work performed under 28 U.S.C. § 2412(d).

The court finds that 25% of past due benefits, or $16,956.50, is a reasonable fee in this case. The $7,606.88 of attorney fees awarded to counsel pursuant to the EAJA shall be retained by counsel as an offset and credited to the amount paid from the past due benefits to counsel. The Commissioner shall pay counsel $9,349.62 from the past due benefits withheld to pay the representative's fees and no further EAJA refund shall be required.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the Commissioner shall pay Plaintiff's counsel the sum of $9,349.62 from Plaintiff's past due benefits. The amount awarded as an attorney fee under the EAJA, totaling $7,606.88,

has been refunded to Plaintiff as an offset against the $16,956.50 attorney fee awarded.

Dated December 6, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**